UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS VALENZUELA,<br><br>        Plaintiff,<br><br>    v.<br><br>SMITH, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01440-SAB (PC)<br><br>ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 1] |

Plaintiff Santos Valenzuela is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has not consented or declined to United States Magistrate Judge jurisdiction; therefore, this action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

Plaintiff filed the instant action on July 25, 2017, in the United States District Court for the Central District of California. On October 18, 2017, the case was transferred to this Court, which was received on October 26, 2017.

Currently before the Court is Plaintiff's complaint, filed on July 25, 2017.

///
///
///
///

1

# I.

# SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

# II.

# COMPLAINT ALLEGATIONS

Plaintiff names Dr. Smith, the Director of the California Department of Corrections and Rehabilitation (CDCR), the Warden of Kern Valley State Prison (KVSP), the Directors of Delano Regional Medical Center, the City counsel for the City of Delano, the State of California Governor Jerry Brown, the California Medical Board, and the California Board of Orthopedic Surgeons, as Defendants.

On July 4, 2015, a code was not activated by the second watch facility guards in C yard at KVSP. and Plaintiff's right hand and fourth finger was snapped in half by an inmate altercation. KVSP guards knew the incident was going to take place but due to Plaintiff's staff assault they left him in jeopardy. However, a Christian inmate stopped the other inmate from continuing the attack. The guards knew Plaintiff had a fractured left hand with two screws and nerve damage.

Plaintiff was not treated for his broken right hand until July 16, 2015, in which Dr. Smith (who is employed by KVSP and Delano Regional Medical Center) performed surgery to repair the fractures in his right hand. Dr. Smith told Plaintiff that he would put two pins in his broken finger at the fracture point to keep the bone together to heal. Dr. Smith gave Plaintiff some unknown medication prior to the surgery and Plaintiff was placed under anesthesia during the surgery.

Plaintiff woke up from surgery in agonizing pain in his right hand fingers. Plaintiff noticed two pins in his hand, one went through the fracture and the other through the joint; however, there was nothing wrong with his joint. Dr. Smith put the joint in the center of his finger destroying it permanently. Dr. Smith also damaged Plaintiff's nerves/tendons and he has constant pain causing difficulty with life functions. Plaintiff attempted to self-amputate his finger in July of 2016 at California State Prison-Sacramento. Dr. Smith did not provide Plaintiff with appropriate pain medications and took them away by attempting to convince Plaintiff his hand/finger was fine. Plaintiff was held in administrative segregation for about 90 days at KVSP due to multiple inmate grievances he filed regarding his medical condition in an attempt to prevent him from seeking medical attention.

## III.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must

show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d at 987-88; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Even assuming Defendant erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that Dr. Smith performed surgery on his right-hand fourth finger and placed two separate pins, one through the fracture and the other through the joint. Plaintiff contends the pin in the joint was unnecessary and has resulted in permanent damage and pain. Plaintiff's allegations, as plead, amount to nothing more than mere negligence, at the best. Plaintiff fails to demonstrate that Dr. Smith chose the course of treatment of placing a pin in his right hand joint was in

conscious disregard of an excessive risk to his medical needs. Accordingly, Plaintiff fails to state a cognizable claim against Defendant Dr. Smith.

### B. Eleventh Amendment

Plaintiff brings this action seeking monetary damages against the CDCR, California Medical Board, California Board of Orthopedic Surgeons, which are all state agencies, and claims against the state and its agencies are barred by the Eleventh Amendment. Kentucky v. Graham, 473 U.S. 159 (1985) (Eleventh Amendment bars federal damages actions against a state and its entities); Nat'l Audubon Soc'y v. Davis, 307 F.3d 835, 847 (9th Cir. 2002); Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (state department of prisons, as a state agency, is immune from suit under the Eleventh Amendment).

Thus, Plaintiff cannot bring an action seeking monetary damages against the CDCR, California Medical Board, California Board of Orthopedic Surgeons, and instead he must name an appropriate defendant.

### C. Municipal Liability-City Counsel of Delano

A local government unit may not be held responsible for the acts of its employees under a *respondeat superior* theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Monell, 436 U.S. at 694; Gibson, 290 F.3d at 1185. Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson, 290 F.3d at 1186. Under this route to municipal liability, the "plaintiff must show that the

municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has failed to demonstrate or even allege a "policy or custom" giving rise to municipal liability. The City of Delano cannot be subject to municipal liability absent proof of "the existence of an unconstitutional municipal liability." City of St. Louis v. Praprontnik, 485 U.S. 112, 128 (1988). A policy must be identified because it "ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." Bd. of Cnty. Commis. of Bryan Cnty., Okl. v. Brown, 520 U.S. 397, 403-04 (1997). In addition, the municipal policy itself must cause the alleged deprivation of rights. See Monell, 436 U.S. at 690. Because Plaintiff has failed to demonstrate or even allege a policy of custom by the City of Delano which caused the alleged deprivation, Plaintiff fails to state a cognizable claim against the City of Delano.

**D.     Linkage**

Under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Ashcroft v. Iqbal, 556 U.S. 662, 676-77 (2009); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Liability may not be imposed under a theory of *respondeat superior*, and some causal connection between the conduct of each named defendant and the violation at issue must exist. Iqbal, 556 U.S. at 676-77; Lemire v. California Dep't of Corr. and Rehab., 726 F.3d 1062, 1074-75 (9th Cir. 2013); Lacey v. Maricopa County, 693 F.3d 896, 915-16 (9th Cir. 2012) (en banc); Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Crowley, 734 F.3d at 977 (citing Snow, 681 F.3d at 989) (internal quotation marks omitted); accord Lemire, 726 F.3d at 1074-75; Lacey, 693 F.3d at 915-16. "Under the latter theory, supervisory liability exists even without overt personal participation

6

in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

  1. Director of CDCR, Warden of KVSP, and Directors of Delano Regional Medical Center

Plaintiff provides no basis for listing the Director of CDCR, Warden of KVSP, and the Directors of Delano Regional Medical Center as Defendants in this action. Neither the Director of CDCR, Warden of KVSP, or the Directors of Delano Regional Medical Center provided medical care directly to Plaintiff, and Plaintiff has not indicated that any Defendant was aware of Plaintiff's injuries or treatment.

Furthermore, with regard to the Directors of Delano Regional Medical Center, Plaintiff is advised that he may only bring § 1983 claims against individuals acting "under color of state law." 72 U.S.C. § 1983; 28 U.S.C. § 1915(e)(2)(B)(ii). "To state a claim under [section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250 (1988) (citations omitted). The presumption is that "conduct by private actors is not state action," Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011), but "'state action may be found if . . . there is such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself,'" Florer, 639 F.3d at 924 (quoting Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295, 121 S.Ct. 924 (2001)).

Here, the Directors of Delano Regional Medical Center are not employees of the state, but executives at a private hospital. Plaintiff does not allege that there is any contractual, or otherwise "deeply intertwined," relationship between the hospital and the prison. Therefore, Plaintiff has failed to allege that the Directors of Delano Regional Medical Center acted under the color of state law. Moreover, even if Plaintiff established the Directors of the Delano Regional Medical Center were state actors, he has not shown that they personally participated in a deprivation of his rights. As with the

7

Director of CDCR and Warden of KVSP, Plaintiff has not alleged that the Directors of Delano Regional Medical Center were aware of, much less actively participated in, his care and treatment. Accordingly, Plaintiff fails to state a cognizable claim against the Director of CDCR, Warden of KVSP, and Directors of Delano Regional Medical Center.

### E. State Law Negligence and Medical Malpractice Claims

The Court will not exercise supplemental jurisdiction over any state law claim absent a cognizable federal claim. 28 U.S.C. § 1367(c)(3); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001); Brown v. Lucky Stores, Inc., 246 F.3d 1182, 1189 (9th Cir. 2001). Where a "court dismissed the federal claim leaving only state claims for resolution, the court should decline jurisdiction over the state claims and dismiss them without prejudice." Les Shockley Racing v. National Hot Rod Ass'n, 884 F.2d 504, 509 (9th Cir. 1989). Here, Plaintiff has failed to state a cognizable federal claim, and the Court therefore declines to exercise jurisdiction over any potential state claims. If Plaintiff amends his complaint to state a federal claim, the Court will reexamine the issue of supplemental jurisdiction.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[1] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950, 950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act in his complaint. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police

---

[1] Formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal.4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

8

Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Therefore, if Plaintiff chooses to pursue state claims, he must first present them to the Victim Compensation and Government Claims Board.

**IV.**

**CONCLUSION AND ORDER**

For the reasons stated, Plaintiff's complaint fails to state a claim upon which relief may be granted. Plaintiff is granted leave to file an amended complaint within thirty (30) days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. 662, 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed July 25, 2017, is dismissed for failure to state a claim;
3. Within thirty (30) days from the date of service of this order, Plaintiff shall file an amended complaint; and

///

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 1, 2017**

UNITED STATES MAGISTRATE JUDGE