**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SANTOS VALENZUELA, | Case No.: 1:17-cv-01440-LJO-SAB (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF AND FAILURE COMPLY WITH A COURT ORDER |
| SMITH, et al., | |
| Defendants. | [ECF No. 24] |

Plaintiff Santos Valenzuela is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.**

**BACKGROUND**

On November 2, 2017, the Court found that Plaintiff's complaint failed to state a cognizable claim for relief and granted plaintiff thirty days to file an amended complaint addressing the deficiencies identified by the Court. (ECF No. 15.) On November 28, 2017, at Plaintiff's request, the Court granted Plaintiff an additional thirty days to file an amended complaint. (ECF No. 16, 17.) After more than thirty days passed, on January 4, 2018, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to comply with a court order. (ECF No. 18.) Plaintiff failed to respond to the Court's order.

Therefore, on January 31, 2018, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to comply with a court order. (ECF No. 19.)

The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. Plaintiff did not file objections, and the Findings and Recommendations were adopted in full on March 22, 2018, and the action was dismissed. (ECF No. 21.)

On August 6, 2018, Plaintiff filed a motion for reconsideration. (ECF No. 23.) Plaintiff requested the Court to reopen the action because he had been undergoing mental health treatment and had been transferred to multiple different facilities and denied access to the court and his legal materials. (ECF. No. 21.) As a result, Plaintiff claimed he was unable to respond to the Court's orders. (Id.) On August 8, 2018, the undersigned granted Plaintiff's request to reopen the action, and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 24.)

On August 31, 2018, and October 5, 2018, the Court granted Plaintiff thirty additional days to file the amended complaint, resulting in a deadline of November 5, 2018. (ECF Nos. 26, 28.) To date, Plaintiff has not file an amended complaint or otherwise responded to the Court's order. Accordingly, dismissal of the action is warranted.

## II.

## DISCUSSION

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles Cnty., 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Prod. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

///
///
///

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute. Id. This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.

### III.
### RECOMMENDATION

Accordingly, it is HEREBY RECOMMENDED that:

1. This action be dismissed for failure to comply with a court order and for failure to state a cognizable claim for relief; and

2. The Clerk of Court be directed to terminate this action.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 13, 2018**

UNITED STATES MAGISTRATE JUDGE