UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANTOS VALENZUELA,<br><br>        Plaintiff,<br><br>    v.<br><br>SMITH, et al.,<br><br>        Defendants. | Case No.: 1:17-cv-01440-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF<br><br>[ECF No. 32] |

Plaintiff Santos Valenzuela is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's first amended complaint, filed November 30, 2018.

**I.**

**BACKGROUND**

This case has a rather lengthy procedural history given Plaintiff's failure to respond to several orders. On November 2, 2017, the Court found that Plaintiff's complaint failed to state a cognizable claim for relief and granted plaintiff thirty days to file an amended complaint addressing the deficiencies identified by the Court. (ECF No. 15.) On November 28, 2017, at Plaintiff's request, the Court granted Plaintiff an additional thirty days to file an amended complaint. (ECF No. 16, 17.) After more than thirty days passed, on January 4, 2018, the Court ordered Plaintiff to show cause why

1

the action should not be dismissed for failure to comply with a court order. (ECF No. 18.) Plaintiff failed to respond to the Court's order.

Therefore, on January 31, 2018, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to comply with a court order. (ECF No. 19.) The Findings and Recommendations were served on Plaintiff and contained notice that objections were to be filed within fourteen days. Plaintiff did not file objections, and the Findings and Recommendations were adopted in full on March 22, 2018, and the action was dismissed. (ECF No. 21.)

On August 6, 2018, Plaintiff filed a motion for reconsideration. (ECF No. 23.) Plaintiff requested the Court to reopen the action because he had been undergoing mental health treatment and had been transferred to multiple different facilities and denied access to the court and his legal materials. (ECF. No. 21.) As a result, Plaintiff claimed he was unable to respond to the Court's orders. (Id.) On August 8, 2018, the undersigned granted Plaintiff's request to reopen the action, and directed Plaintiff to file an amended complaint within thirty days. (ECF No. 24.)

On August 31, 2018, and October 5, 2018, the Court granted Plaintiff thirty additional days to file the amended complaint, resulting in a deadline of November 5, 2018. (ECF Nos. 26, 28.) Plaintiff failed to file an amended complaint on or before November 5, 2018. Therefore, on November 13, 2018, the undersigned issued Findings and Recommendations recommending that the action be dismissed. (ECF No. 29.) On this same date, Plaintiff filed a motion for an extension of time to file an amended complaint, which was placed on the docket after the issuance of the Findings and Recommendations. (ECF No. 30.) In his motion, Plaintiff submitted that on November 1, 2018, he was transferred to the California Health Care Facility in Stockton, and was without his legal materials. (Id.) On November 15, 2018, the Court vacated the November 13, 2018 Findings and Recommendation and granted Plaintiff thirty days to file a first amended complaint. (ECF No. 31.) As previously stated, Plaintiff filed a first amended complaint on November 30, 2018, which is before the Court for screening pursuant to 28 U.S.C. § 1915A.

///

///

## II.

## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## III.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor David Smith, the Warden at Kern Valley State Prison, the Director of Delano Regional Medical Center, and the Director of the California Department of Corrections and Rehabilitation, as Defendants.

///
///

3

On or about July 4, 2015, Plaintiff was attacked by an inmate and he suffered a fractured nose and broken hand/fourth finger. Plaintiff was taken to San Joaquin Community Hospital and it was determined that Plaintiff's nose was fractured and his hand/fourth finger was broken.

On or about July 12, 2015, Plaintiff was seen by Dr. Smith at Kern Valley State Prison who informed Plaintiff he would be sent out for surgery soon.

On or about July 16, 2015, Plaintiff was taken to Delano Regional Medical Center for surgery. Dr. Smith told Plaintiff that he would place two pins through his broken finger. Plaintiff was put to sleep and when he woke up he was in tremendous pain in his right hand and fourth finger. Plaintiff noticed that only one pin was placed through the joint of his broken finger. However, Dr. Smith informed Plaintiff that two pins would be placed in the broken area of his finger. Plaintiff's fourth finger is now deformed and crooked.

## IV.

## DISCUSSION

### A. Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

4

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d at 987-88; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012). Even assuming Defendant erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Here, Plaintiff alleges that Dr. Smith performed surgery on his right-hand fourth finger and placed a pin through the joint. Plaintiff contends the pin in the joint was unnecessary and has resulted in permanent damage and pain. Plaintiff's allegations, as plead, amount to nothing more than mere negligence, at the best. Plaintiff fails to demonstrate that Dr. Smith chose the course of treatment of placing a pin in his right-hand joint was in conscious disregard of an excessive risk to his medical needs. An Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Furthermore, disagreement with a doctor's treatment is insufficient to give rise to a constitutional claim for deliberate indifference. Snow v. McDaniel, 681 F.3d at 987. In addition, the mere fact that Plaintiff does not have full use of his finger following the surgery does not support a finding of deliberate indifference. Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference against Defendant Dr. Smith.

**B.  Supervisory Liability**

Plaintiff names the Warden at Kern Valley State Prison, the Director of Delano Regional Medical Center, and the Director of the California Department of Corrections and Rehabilitation, as Defendants.

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct. Iqbal, at 1948-49. A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Plaintiff's complaint is devoid of any allegations supporting the existence of a supervisory liability claim against the Warden at Kern Valley State Prison, the Director of Delano Regional Medical Center, and the Director of the California Department of Corrections and Rehabilitation. The only basis for such a claim would be respondeat superior, which is precluded under section 1983.

## V.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief based on the alleged inadequate medical care. Despite being given the applicable legal standards and opportunity to cure the deficiencies in the complaint, Plaintiff has still failed to allege facts sufficient to state a claim upon which relief can be granted. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant action be dismissed for failure to state a cognizable claim for relief;

2. The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and

Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 5, 2018**

UNITED STATES MAGISTRATE JUDGE