1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

11 SANTOS VALENZUELA, ) Case No.: 1:17-cv-01440-LJO-SAB (PC)
)
12         Plaintiff, )
) **FINDINGS AND RECOMMENDATION**
13   v. ) **RECOMMENDING DISMISSAL OF ACTION**
) **FOR FAILURE TO STATE A COGNIZABLE**
14 SMITH, et al., ) **CLAIM FOR RELIEF**
)
15         Defendants. ) [ECF No. 46]
)
16 )
)
17 _____ )

18       Plaintiff Santos Valenzuela is appearing pro se and in forma pauperis in this civil rights action

19 pursuant to 42 U.S.C. § 1983.

20       Currently before the Court is Plaintiff's second amended complaint, filed March 28, 2019.

21 **I.**

22 **SCREENING REQUIREMENT**

23       The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

25 Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

26 "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[]

27 monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

28

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.

## COMPLAINT ALLEGATIONS

Plaintiff names Doctor David Smith, the Warden at Kern Valley State Prison, the Director of Delano Regional Medical Center, and the Director of the California Department of Corrections and Rehabilitation, as Defendants.

On or about July 4, 2015, Plaintiff was attacked by an inmate and he suffered a fractured nose and broken hand/fourth finger. Plaintiff was taken to San Joaquin Community Hospital and it was determined that Plaintiff's nose was fractured and his hand/fourth finger was broken.

On or about July 12, 2015, Plaintiff was seen by Dr. Smith at Kern Valley State Prison who informed Plaintiff he would be sent out for surgery soon.

On or about July 16, 2015, Plaintiff was taken to Delano Regional Medical Center for surgery. Dr. Smith told Plaintiff that he would place two pins through his broken finger. Plaintiff was put to sleep and when he woke up he was in tremendous pain in his right hand and fourth finger. Plaintiff noticed that only one pin was placed through the joint of his broken finger. However, Dr. Smith

informed Plaintiff that two pins would be placed in the broken area of his finger.  Plaintiff's fourth finger is now deformed and crooked.

## III.

## DISCUSSION

### A.    Deliberate Indifference to Serious Medical Need

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs.  Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm, 680 F.3d at 1122; Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).  To state a claim a plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  "Deliberate indifference is a high legal standard," Simmons., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference."  Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096).  The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care.  Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

"A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference."  Snow v. McDaniel, 681 F.3d at 987 (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)); Wilhelm v. Rotman, 680 F.3d at 1122-23 (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)).  Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health."  Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

"Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1977); Snow v. McDaniel, 681 F.3d at 987-88; Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012).   Even assuming Defendant erred, a finding which is not supported by the record, an Eighth Amendment claim may not be premised on even gross negligence by a physician.  Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Under section 1983, Plaintiff must prove that the defendants holding supervisory positions personally participated in the deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no respondeat superior liability, and each defendant is only liable for his or her own misconduct.  Iqbal, at 1948-49.  A supervisor may be held liable for the constitutional violations of his or her subordinates only if he or she "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).

Here, Plaintiff alleges that Dr. Smith performed surgery on his right-hand fourth finger and placed a pin through the joint.  Plaintiff contends the pin in the joint was unnecessary and has resulted in permanent damage and pain.  Plaintiff's allegations, as plead, amount to nothing more than mere negligence, at the best.  Plaintiff fails to demonstrate that Dr. Smith chose the course of treatment of placing a pin in his right-hand joint was in conscious disregard of an excessive risk to his medical needs.  An Eighth Amendment claim may not be premised on even gross negligence by a physician. Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).  Furthermore, disagreement with a doctor's treatment is insufficient to give rise to a constitutional claim for deliberate indifference. Snow v. McDaniel, 681 F.3d at 987.  In addition, the mere fact that Plaintiff does not have full use of his finger following the surgery does not support a finding of deliberate indifference.  Accordingly, Plaintiff fails to state a cognizable claim for deliberate indifference against Defendant Dr. Smith and/or Delano Regional Medical Center.

**IV.**

**RECOMMENDATION**

For the reasons discussed herein, Plaintiff fails to state a cognizable claim for relief based on the alleged inadequate medical care. Despite being given the applicable legal standards and the opportunity to cure the deficiencies in the complaint, Plaintiff's second amended complaint fails to set forth a cognizable constitutional claim for deliberate indifference. Therefore, under these circumstances granting Plaintiff further leave to amend would be futile. See Reddy v. Litton Industries, Inc., 912 F.2d 291, 296 (9th Cir. 1990); Rutmann Wine Co., v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   The instant action be dismissed for failure to state a cognizable claim for relief;

2.   The Clerk of Court be directed to terminate this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **April 12, 2019**

_____
UNITED STATES MAGISTRATE JUDGE